IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFF M. DIVERS** and<br>**TONYA LAVOIE DIVERS**, | Case No. 3:15-cv-01413-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **PNC BANK**, **NATIONAL ASSOCIATION**,<br>successor by merger to **NATIONAL CITY**<br>**BANK**; and **CAL-WESTERN**<br>**RECONVEYANCE LLC**, | |
| Defendants. | |

John A. Cochran, PACIFIC PROPERTY LAW LLC, 1021 SE Sunnyside Rd., Suite 300, Clackamas, OR 97015. Of Attorneys for Plaintiffs.

Stephen P. Yoshida and Thomas W. Purcell, MB LAW GROUP, LLP, 117 SW Taylor Street, Suite 200, Portland, OR 97204; Peter J. Van Zandt, LECLAIR RYAN, 44 Montgomery St., 18th Floor, San Francisco, CA 94104. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiffs Jeff M. Divers and Tonya Lavoie Divers (collectively "the Divers" or

"Plaintiffs") bring this lawsuit against Defendants National City Bank ("NCB"), the original

lender when the Divers refinanced their home; NCB's successor in interest, PNC Bank ("PNC");

and Cal-Western Reconveyance LLC ("CRW") (collectively "Defendants"). The Divers allege

PAGE 1 – OPINION AND ORDER

that Defendants violated the federal the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), § 6 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(1)(A) ("RESPA"), and the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692, *et. seq.* ("FDCPA"). Defendants move to dismiss the Divers' claims under TILA and FDCPA. For the reasons below, Defendants' motion is granted.

## STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Establishing the plausibility of a complaint's allegations is a two-step process." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014). At the first step, "a court should 'identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* at 996 (quoting *Iqbal*, 556 U.S. at 679) (alteration in original). At the second step, "a court should 'assume the[ ] veracity' of 'well pleaded factual allegations' and 'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679) (alteration in original).

Additionally, "[w]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Plaintiffs must offer "[s]omething more . . . such as facts tending to exclude the possibility that the alternative explanation is true, . . . in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*." *Id.* A complaint will survive a motion to dismiss where a plaintiff "offer[s] facts that tend[] to exclude the defendant's innocuous alternative explanation." *Eclectic Props.*, 751 F.3d at 997. Moreover, if two alternative explanations exist, "one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible

alternative explanation is so convincing that plaintiff's explanation is implausible." *Id.* (quoting *Starr*, 652 F.3d at 1216).

## BACKGROUND

On March 15, 2007, the Divers refinanced their home, located at 1038 Oak Street, Lake Oswego, Oregon 97034 (the "Property"), and obtained a $320,000 loan from NCB. NCB secured the loan with a Deed of Trust on the Property and recorded the Deed of Trust in Clackamas County on March 20, 2007. The Divers received a Notice of Default and Election to Sell on or about January 27, 2015, stating that Defendants planned to sell the Property at a foreclosure sale on July 31, 2015. Suspecting violations of TILA and RESPA, the Divers sent Defendants "Qualified Written Requests for information" on April 1, May 6, and July 22, 2015. Defendants did not respond. The Divers also sent Defendants a Notice of Rescission (the "Notice") on or about July 3, 2015.

The Notice stated, in relevant part, "According to the United States Supreme Court Ruling in *Jesinowski v. Countrywide Home Loans* (USSC Case 13-684), the Note and Deed of Trust are extinguished by operation of law from the date this letter is mailed to the borrower's lender." Dkt. 2-1 at 1. The notice further stated that Defendants had 20 days to return all money and file a reconveyance in the county records or alternatively to file a court action contesting the rescission. Although the Notice also stated that the "rescission is based on the provisions of TILA," the Notice did not identify any specific alleged violation of TILA. *Id.*

The Divers sent the Notice to Defendants by certified mail. The Divers assert that Defendants did not acknowledge receipt of the Notice or respond to it in any way. After the expiration of the 20-day period referenced in the Notice, the Divers filed this lawsuit. The Divers assert that their loan has now been rescinded and extinguished pursuant to 15 U.S.C. § 1635,

"effectively voiding all contracts and debt." Dkt. 2 ¶ 19. According to the Divers, any further

attempts by Defendants to collect the debt or pursue foreclosure violate federal law.

## DISCUSSION

### A.  TILA Claim

Congress passed TILA "to protect the consumer against inaccurate and unfair credit

billing and credit card practices." 15 U.S.C. § 1601(a). Under TILA, a borrower whose loan is

secured by his or her "principal dwelling" has the right to rescind that loans "until midnight of

the third business day following the consummation of the transaction or the delivery of the

[disclosures required by the Act], whichever is later, by notifying the creditor, in accordance

with regulations of the [Bureau of Consumer Financial Protection], of his intention to do so." *Id.*

§ 1635(a). This provision grants to borrowers an unconditional right to rescind a loan within

three days. After three days, however, borrowers still have a conditional right to rescind if their

lender has failed to make the required disclosures. "But this conditional right to rescind does not

last forever." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015).

TILA imposes a time limit of three years on the conditional right to rescind. Even if a

lender has failed to make the required disclosures, a borrower's "right of rescission shall expire

three years after the date of consummation of the transaction or upon the sale of the property,

whichever occurs first." 15 U.S.C. § 1635(f). This provision thus "completely extinguishes the

right of rescission at the end of the 3-year period." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410,

412 (1998). In *Beach*, the Supreme Court unambiguously stated: "We respect Congress's

manifest intent by concluding that [TILA] permits no federal right to rescind, defensively or

otherwise, after the 3-year period of § 1635(f) has run." *Id.* at 419; *see also Miguel v. Country

Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002), *as amended on denial of reh'g* (Dec. 23,

2002) (stating that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period").[1]

Here, the Diver's loan was consummated in March 2007. *See* 12 C.F.R. § 226.2(a)(13) ("Consummation means the time that a consumer becomes contractually obligated on a credit transaction."). They did not send their notice of rescission, however, until July 2015, which was eight years after the consummation of the transaction and five years after the expiration of their right to rescind as provided in 15 U.S.C. § 1635(f). Defendants' failure to respond to the Notice does not allow the right to spring back to life because "Congress . . . included no saving clause to revive an expired right of rescission." *Beach*, 523 U.S. at 414. Section 1635(f) does more than impose a time limit for exercising the right; it "govern[s] the life of the underlying right as well," and that life is extinguished entirely at the end of three years. *Id.* at 417. Further, 15 U.S.C. § 1635(b) requires a lender to respond within 20 days when a borrower "exercises his right to rescind under subsection (a) of this section." At the time the Divers sent the Notice, they no longer had any "right" to exercise. Accordingly, the late-filed Notice did not trigger any obligation on behalf of Defendants to respond.

Moreover, simply sending a notice of rescission does not operate to extinguish a debt. In *Yamamoto v. Bank of New York*, the Ninth Circuit considered a case in which the borrowers sent a notice of rescission and claimed the notice automatically and immediately voided all loan obligations. 329 F.3d 1167, 1169 (9th Cir. 2003). The Ninth Circuit held:

> In these circumstances, it cannot be that the security interest vanishes immediately upon the giving of notice. Otherwise, a borrower could get out from under a secured loan simply by

---

[1] Nothing in the *Jesinoski* decision altered the Supreme Court's interpretation of TILA. In *Jesinoski*, the Supreme Court held only that borrowers who mail a notice of intent to rescind within three years of their loan's consummation need not also file suit within that three-year period. 135 S. Ct. at 793.

> claiming TILA violations, whether or not the lender had actually
> committed any. Rather, under the statute and the regulation, the
> security interest "becomes void" only when the consumer
> "rescinds" the transaction. In a contested case, this happens when
> the right to rescind is determined in the borrower's favor.

*Id.* at 1172. Here, the Divers have not rescinded the transaction because that right no longer

exists; further, the giving of notice does not wipe out the security interest held by PNC. *See also*

*Ramos v. Wells Fargo Bank N.A.*, 2012 WL 4863708, at \*4 (D. Or. Oct. 5, 2012) (dismissing the

plaintiffs' TILA claim based on the expiration of the right to rescind).

## B.  FDCPA Claim

Defendants argue that the Divers' fail to state a FDCPA claim for three reasons: (1) the

FDCPA claim is entirely derivative of the Divers' TILA claim and fails on the same grounds; (2)

FDCPA does not apply to a creditor attempting to collect its own debt; and (3) foreclosure of a

mortgage is not actionable "debt collection" within the scope of FDCPA. The Divers' only

response to Defendants' arguments is that Defendants have no right to collect a "void debt"

under 15 U.S.C. § 1635(b). The Court agrees with Defendants' first argument. The Divers have

not adequately alleged that Defendants attempted to collect a debt voided by the provisions of

TILA. Defendants' attempts to collect the debt owed by the Divers, therefore, did not violate the

FDCPA.[2]

---

[2] Because the Court finds that the Divers' allegations are insufficient to state a claim
under the FDCPA based on Defendants' first argument, the Court does not reach the question of
whether PNC is a "debt collector" under 15 U.S.C. § 1692a(6), which applies to "any person
who uses any instrumentality of interstate commerce or the mails in any business the principal
purpose of which is the enforcement of security interests." In addition, the Court notes that
15 U.S.C. § 1692f(6) prohibits any "debt collector" from "[t]aking or threatening to take any
nonjudicial action to effect dispossession or disablement of property if—(A) there is no present
right to possession of the property claimed as collateral through an enforceable security interest;
(B) there is no present intention to take possession of the property; or (C) the property is exempt
by law from such dispossession or disablement." The Court also declines at this time to interpret
or define "debt collection." Cases from the Sixth and Fourth Circuits reject the proposition urged
by Defendants that foreclosures are excluded from the definition of "debt collection." *See Glazer*

## CONCLUSION

Defendants' Motion for Partial Dismissal (Dkt. 13) is GRANTED, and Plaintiffs' claims

for violation of the Truth in Lending Act and Fair Debt Collection Practice Act are dismissed.

**IT IS SO ORDERED**.

DATED this 4th day of February, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

*v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013) ("[M]ortgage foreclosure is debt collection under the FDCPA."); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376-78 (4th Cir. 2006) (holding that a "foreclosure action was an attempt to collect a 'debt'" because the court saw "no reason to make an exception to the [FDCPA] when the debt collector uses foreclosure instead of other methods"). Further, in an unpublished opinion, the Ninth Circuit expressly declined to decide whether mortgage foreclosures constitute debt collection under the FDCPA. *Obeng-Amponsah v. Chase Home Fin., LLC*, 624 F. App'x 459, 462 n.2 (9th Cir. 2015) ("We need not and do not decide whether a loan servicer can ever be a debt collector or whether California's non-judicial foreclosure proceedings constitute a debt collection under the FDCPA."). Thus, this appears to be an open question in the Ninth Circuit. Because the Court accepts Defendants' first argument, it need not reach this question either.